THOMAS A. HARVEY (State Bar No. 235342)
PHILIP D.W. MILLER (State Bar No. 280537)
COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000
San Francisco, California  94104-5500
Telephone:  415.391.4800
Facsimile:   415.989.1663
Email:   ef-tah@cpdb.com
             ef-pdm@cpdb.com

Attorneys for Plaintiff
CAYMUS VINEYARDS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAYMUS VINEYARDS,<br><br>    Plaintiff,<br><br>    v.<br><br>GAVIN NEWSOM, in his official capacity as Governor of California; and SONIA Y. ANGELL, in her official capacity as California State Public Health Officer,<br><br>    Defendants. | Case No.<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Plaintiff Caymus Vineyards ("Caymus") for its complaint against defendants Governor Gavin Newsom and State Public Health Officer Sonia Y. Angell, alleges as follows:

**NATURE OF THE ACTION**

1.     California has begun to reopen various sectors of its economy following Governor Gavin Newsom's March 4, 2020 Order in response to the threat of COVID-19.  The Governor has adopted a four-stage "resilience roadmap" for reopening "non-essential" businesses throughout the state.  Today, California is in "Stage 2," during which the Governor's Orders permit a wide array of businesses to reopen, including retailers, restaurants, personal services, and childcare.

2.     Caymus is one of the most celebrated winemakers in California.  A leader in the state's $40 billion wine industry, Caymus is world famous for its Special Selection Cabernet

16903.005 4831-2971-9229.14

1

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Sauvignon, the only wine ever honored twice as *Wine Spectator* magazine's "Wine of the Year." With all of its success, Caymus remains a family-run business.

3. Along with nearly every other winery in California, Caymus operates a tasting room and outdoor tasting areas on its premises, at which guests may sample its wines. Tasting rooms are a critical aspect of most winery retail operations, because they are generally the only venue in which a consumer can appraise the wines available for sale.

4. California's recent Orders permit the reopening of the state's indoor on-premises retail operations, including "Bookstores, Jewelry stores, Toy stores, Clothing and shoe stores, Home and furnishing stores, Sporting goods stores, [and] Florists." Those Orders also now include places of worship throughout the state, and barber shops and hair salons in many counties.

5. These reopening Orders have also broadened the scope of allowed restaurant services: restaurants in most counties may now provide food service not only for curbside pickup, but also for "sit-down, dine-in meals."

6. The treatment of winery retail tasting room operations, however, has been different. The orders permit the reopening of winery tasting rooms if, and only if, they also provide "sit down, dine-in meals." The Orders provide no explanation for this requirement. Any winery that does not—or, under local ordinances, cannot—provide such meals may not reopen.

7. The Governor and the State Public Health Officer have an obligation to promulgate orders that treat like businesses in a like manner.

8. As applied to Caymus, and over 400 other wineries with facilities in Napa County, the Governor's and State Public Health Officer's Orders fail to do so. Run-of-the-mill retailers like toy stores may reopen. Restaurants offering indoor food service may reopen. Wineries that provide "sit-down, dine-in meals" may reopen. But wineries dedicated to wine tasting, like Caymus, may not.

9. Caymus supports the necessary work of public health officials in promoting the health and safety of Californians, and of taking responsible measures to reduce the risk of transmission of the novel coronavirus. The law, though, must be applied fairly and equally to all businesses.

16903.005 4831-2971-9229.14

2

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

10. Caymus does not seek to insulate itself or its fellow wineries from the State's general public health guidelines. To the contrary, Caymus supports those guidelines and seeks to incorporate them into its business. Defendants cannot offer a good reason for failing to trust wineries to follow health guidelines in their indoor and outdoor tasting areas, even while they trust toy stores, restaurants, and florists to do the same.

11. Caymus brings this action to ensure that it, and wineries like it, are treated equally to other similarly-situated businesses. As retailers, restaurants, and wineries providing dine-in meals are permitted to reopen, so should Caymus.

## PARTIES

12. Plaintiff Caymus Vineyards is a California corporation headquartered in Rutherford, California that owns and operates a winery and tasting room with indoor and outdoor facilities. Caymus makes world-renowned wines.

13. Defendant Gavin Newsom is a party to this action in his official capacity as the Governor of California. The California Constitution vests the "supreme executive power of the State" in the Governor, who "shall see that the law is faithfully executed." Cal. Const. Art. V, § 1. Defendant Newsom issued Executive Order N-60-20 on May 4, 2020, directing the State Public Health Officer to establish criteria and procedures for reopening businesses throughout the state following the state of emergency found to exist in California as a result of COVID-19.

14. Defendant Sonia Y. Angell is a party to this action in her official capacity as State Public Health Officer and Director of the California Department of Public Health. On May 7, 2020, Dr. Angell issued an Order providing that she "will progressively designate sectors, businesses, establishments, or activities that may reopen with certain modifications based on public health and safety needs . . . ."

## JURISDICTION AND VENUE

15. The Court has subject matter jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. § 1331 because this action arises under the Due Process and Equal Protection Clauses of the Fourteenth Amendment and the Takings Clause of the Fifth Amendment to the United States Constitution.

16. Jurisdiction is also appropriate in this Court pursuant to 28 U.S.C. § 1343(a)(3) and (4) to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege, or immunity secured by the Constitution, and to secure equitable or other relief under any Act of Congress providing for the protection of civil rights.

17. This Court has supplemental jurisdiction over the claims asserted under California's Constitution, statutes, and regulations pursuant to 28 U.S.C. § 1367(a) because Caymus' state constitutional claims are so related to its federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

18. The Northern District of California is the appropriate venue for this action pursuant to 28 U.S.C. §§ 1391(b)(1) and (2) because it is a District in which Defendants maintain offices, exercise their authority in their official capacities, and have enforced the Orders at issue in this case.

19. There is a present and actual controversy between the parties.

20. The relief requested is authorized pursuant to 28 U.S.C. §§ 2201 and 2202 (declaratory judgment), 28 U.S.C. § 1651(a) (injunctive relief), 42 U.S.C. § 1983, and 42 U.S.C. § 1988 (right to costs, including attorneys' fees).

## INTRADISTRICT ASSIGNMENT

21. The events giving rise to this action occurred in Napa County, California. This action should therefore be assigned to the San Francisco Division or the Oakland Division pursuant to Civil Local Rules 3-2(c) and (d).

## SUBSTANTIVE ALLEGATIONS

### *The State Public Health Orders*

22. On March 19, 2020, Defendant Newsom issued Executive Order N-33-20, directing Californians to stay at home except as required to maintain continuity of operations for certain essential sectors of the economy.

23. Defendant Newsom defined California's reopening plans in guidance titled "California's Pandemic Roadmap." The Roadmap identified four stages of reopening, including a

///

Stage 2 for the "reopening of lower risk workplaces and other spaces," and a Stage 3 for "reopening of higher-risk workspaces and other spaces."

24. On May 4, 2020, Defendant Newsom issued Executive Order N-60-20 concerning the second and third stages of the Roadmap. The Order directed the State Public Health Officer to "establish criteria and procedures . . . to determine whether and how particular local jurisdictions may implement public health measures that depart from the statewide directives," specifically "measures less restrictive than any public health measures implemented on a statewide basis." It empowered the State Public Health officer to "from time to time and as she deems necessary . . . revise the criteria and procedures set forth" in the Order.

25. On May 7, 2020, Defendant Angell issued an Order pursuant to Executive Order N-60-20. The Order states: "[t]he low and stable data reported by some local health officers in their local health jurisdictions, combined with sufficient COVID-19 preparedness, justifies allowance for some variation in the speed with which some local health jurisdictions will be able to move through the phases of Stage 2."

26. Defendant Angell therefore provided that she "will progressively designate sectors, businesses, establishments, or activities that may reopen with certain modifications, based on public health and safety needs." The Order vowed to "add additional sectors, businesses, establishments, or activities at a pace designed to protect public health and safety." Approved businesses would be listed at the website https://covid19.ca.gov/roadmap/.

27. Defendant Angell then issued guidance for reopening sectors of the state's economy during Stage 2, including "auto dealerships," "construction," "retail," and various other categories.

***The Orders for Dine-in Restaurants and In-Store Retail***

28. Among the Stage 2 sectors for which Defendant Angell adopted guidance was "dine-in restaurants." Dated May 12, 2020, this Order provides that restaurants may open for dine-in service in counties that have received state approval. The Order is intended to provide "guidance for dine-in restaurants, brewpubs, craft distilleries, breweries, bars, pubs, and wineries to support a safe, clean environment for workers and customers." It includes directions on topics

such as "cleaning and disinfecting protocols," "physical distancing guidelines," and "individual control measures and screening."

29. The May 12 Order directs that: "Brewpubs, breweries, bars, pubs, craft distilleries, and wineries should remain closed until those establishments are allowed to resume modified or full operation **unless they are offering sit-down, dine-in meals. Alcohol can only be sold in the same transaction as a meal.**" (Emphasis in original.)

30. The Order continues: "Brewpubs, breweries, bars, pubs, craft distilleries, and wineries that do not provide sit-down meals themselves, but can contract with another vendor to do so, can serve dine-in meals provided both businesses follow the guidance below and alcohol is only sold in the same transaction as a meal."

31. Unless wineries serve such sit-down, dine-in meals, the Guidance categorizes them as a form of forbidden "hospitality services," akin to bars and lounges.[1] In doing so, the guidelines lump winery tasting rooms into business sectors such as "Nightclubs," "Concert venues," "Live Audience Sports," "Festivals," and "Theme Parks."[2]

32. In sum, while breweries, craft distilleries, and wineries that offer sit-down, dine-in meals may reopen, those dedicated only to tasting areas—like Caymus—may not.

33. While the May 12 Order purports to give wineries the option of contracting with a vendor to provide on-site meals, that provision is of no value to Caymus, or nearly any other winery in Napa County. With limited exceptions, Napa County's 1990 Winery Definition Ordinance (Ordinance No. 947) prohibits all Napa wineries from offering food service.[3]

---

[1] *See* "County variance info," *available at* https://covid19.ca.gov/roadmap-counties/.

[2] *Id; see also* David Gelles, *Coronavirus Shut Down the 'Experience Economy.' Can It Come Back?'*, N.Y. Times, May 20, 2020, available at https://www.nytimes.com/2020/05/20/business/public-gathering-events-coronavirus.html.

[3] A May 20, 2020 letter from David Morrison, Director of Napa County's Planning, Building and Environmental Services Department to wine industry representatives confirms that "the Napa County General Plan and Zoning Code prohibit dine-in meals, either directly by wineries or by contract with another vendor, and wineries and tasting rooms therefore do not fit within the guidance currently provided for counties in deeper Stage 2."

34. In neighboring Sonoma County and other counties around the state, where wineries are permitted to offer sit-down meals, wineries have received permission from the California Department of Public Health to reopen.[4]

35. In other states like Oregon, winery tasting rooms have reopened while adhering to the same social distancing guidelines as restaurants.[5] In fact, North Carolina promulgated guidance specifically to allow the reopening of wineries, recognizing that they are distinct from "Phase 3" businesses such as bars or lounges. The guidance treats winery tasting rooms like other "Phase 2" businesses such as retailers and restaurants.[6]

36. On May 25, 2020, the California Department of Public Health announced that guidelines adopted for retailers, whose operations had previously been allowed in counties that met certain benchmarks, now would apply state-wide. The Department's press release stated: "Retail can now open for in-store shopping statewide." Yet winery tasting rooms, like Caymus', continue to be excluded.

### *The Orders Treat Like Business Unequally*

37. There is no rational basis for the distinction Defendants have drawn. They allow wineries offering sit-down, dine-in meals (or contracting with third party vendors to do so) to reopen, while wineries with dedicated tasting rooms only—like Caymus—cannot.

---

[4] *See* Esther Mobley, *California Wineries Slowly Begin to Reopen Tasting Rooms, But in Altered State*, San Francisco Chronicle, May 23, 2020, available at https://www.sfchronicle.com/wine/article/California-wineries-say-they-re-safer-than-15287337.php ("The initial phase allows restaurants to resume dine-in service, but does not allow wineries to reopen their tasting rooms unless they offer full meals . . . . Some Sonoma County wineries will introduce similar concepts this weekend, after receiving permission on Friday from the California Department of Public Health to begin offering outdoor sit-down meals.").

[5] *See* Michael Alberty, *Oregon Winery Tasting Rooms Prepare to Reopen to the Public After Coronavirus Shutdown*, The Oregonian, May 16, 2020, available at https://www.oregonlive.com/wine/2020/05/oregon-winery-tasting-rooms-prepare-to-reopen-to-the-public-after-coronavirus-shutdown.html.

[6] *See* T. Keung Hui, Drew Jackson & Catherine Muccigrosso, *Breweries, wineries, distilleries can reopen in Phase Two after NC's new guidance*, The News & Observer, May 22, 2020, available at https://www.newsobserver.com/news/local/article242944756.html.

38. Indeed, the food service requirement likely *increases* the public health risk. Food service increases the number of people and surfaces with which customers come into contact, introduces risk of the virus' spread associated with food sourcing and preparation, and introduces risks specific to interior, dine-in spaces.

39. The option of contracting with an outside vendor to provide food service—even if it were allowed—would add still further risk. The process would complicate the wineries' tasting operation, crowd in additional service personnel and equipment in facilities that do not have kitchens, and add complexity at a time when wineries are striving to reduce risk.

40. In this sense, the Orders actually undermine the unique advantages that wineries enjoy that protect public health. Unlike indoor retail services or dine-in restaurants, wineries are naturally located in large outdoor spaces. Their product comes pre-packaged, and many wineries already offer outdoor tasting areas and take reservations to limit crowds. They are suited to outdoor operations, allowing safe social distancing practices.[7]

41. Caymus is prepared to take all appropriate steps to protect the health and safety of visitors to its winery, and is committed to following guidelines and recommendations to maintain social distancing and decrease the risk of transmission of the novel coronavirus. In addition to following state and county public health guidelines, industry organizations such as the Wine Institute and Napa Valley Vintners have prepared guidelines for phased reopening of winery operations. These reopening protocols include provisions regarding sanitation requirements, social distancing and occupancy guidelines, employee wellness screenings, and protocols specific to tasting rooms.

---

[7] *See* Esther Mobley, *The Convoluted Logic Behind California's Winery Tasting Room Reopening Plan*, San Francisco Chronicle, May 28, 2020, available at https://www.sfchronicle.com/wine/article/The-convoluted-logic-behind-California-s-winery-15298857.php ([O]ur state government's logic is inconsistent."). *See also supra* note 4 ("We have the capacity to do outdoors. We have the capacity to do distancing in our seating . . . . The only difference is that we wouldn't be serving food, which to me would be safer.").

42. Caymus has adopted and pledged to implement these protocols upon reopening its winery tasting room. Caymus' protocols comply with all applicable state and federal safety guidance, including guidance from the California Department of Public Health (CDPH), Centers for Disease Control and Prevention (CDC), Occupational Safety and Health Administration (OSHA) and the U.S. Food and Drug Administration (FDA). The protocols specifically comply with the State Public Health Officer's guidance for retailers, restaurants, and wineries with dine-in food service.

43. Caymus does not quarrel with Defendants' goals of protecting the health and safety of Californians and mitigating the risk of the spread of COVID-19. But having concluded that it is in the interests and welfare of Californians to permit the reopening of businesses, Defendants must apply the law to similar businesses in a similar fashion.

44. Having ordered that indoor retailers and restaurants and wineries with dine-in food service may reopen, Defendants violate the guarantee of equal treatment under the law by refusing to permit Caymus—and all other wineries that operate tasting rooms without dine-in food service—from reopening.

**_The County of Napa Supports Caymus' Reopening, But is Stymied by the State's Guidelines_**

45. The plight of wineries like Caymus is not lost on the County of Napa.

46. When a county applies to move into Stage 2, its local public health officer must "certify through submission of a written attestation" that the county has met the state's readiness criteria, "including guidance to be issued by the county and detailed plans, and that the county is designed to mitigate the spread of COVID-19."

47. On May 18, 2020, Karen Relucio, M.D., Napa County's Public Health Officer, submitted to the state Department of Public Health the county's COVID-19 attestation report. Dr. Relucio certified that "Napa County has met the readiness criteria outlined by CDPH designed to mitigate the spread of COVID-19."

48. Napa County's attestation is supported by a May 18, 2020 letter from the County Board of Supervisors. The letter states: "The Napa County Board of Supervisors support the need to protect vulnerable populations, continue social distancing, and monitor indicators that may

trigger the need to reinstate more restrictive measures.  At the same time, it is important to find a balance that allows for some businesses to reopen while ensuring the community's health . . . . **[W]e strongly encourage and support the inclusion of Wineries and Tasting Rooms as businesses that the State deems eligible for reopening in Stage 2**." (Emphasis added.)

49. Napa's Board of Supervisors thus concludes that, based on all the relevant factors, it is appropriate to allow wineries and tasting rooms to reopen as part of Stage 2.

50. The Board also has taken concrete action to facilitate the safe reopening of wineries.  On May 19, 2020, it approved a resolution for "Maintaining Safe and Healthy Business Operations During the COVID-19 Pandemic."  Among other things, it authorized "temporary on-site areas" for wineries "to accommodate physical distancing requirements," and provided for expanded tasting room hours to permit a lower concentration of visitors at a given time.

51. The staff report recommending adoption of the resolution observed that "The County understands that at the present time, tasting rooms and wineries are not eligible to re-open under Stage 2 of the Governor's Resilience Roadmap . . . . This policy is proposed with the understanding that any provisions that may apply to wineries and tasting rooms are contingent upon the State's decision to allow wineries as a permitted use."

52. In short, the County of Napa, like Caymus, is ready to support the safe reopening of wineries but is stymied by the State's current guidance.

53. Defendant Angell's Orders should follow the recommendations of the county supervisors and public health officials and allow wineries and tasting rooms to reopen.

### *Caymus is Suffering Irreparable Harm that Increases with Each Passing Day*

54. While restaurants and wineries offering sit-down meals are permitted to reopen, Caymus continues to suffer the loss of revenue from its tasting room and associated wine sales. Caymus has suffered significant economic losses related to the ordered closure of its tasting room. Those losses increase each day and continue to rise as the summer approaches.  And Caymus has incurred non-pecuniary damages as other wineries are permitted to reopen while uncertainty and confusion impact Caymus' operations and industry and consumer reputation.

///

55. By their forced closures, Defendants are causing considerable damage to Caymus and similarly situated wineries: injuries to their businesses, reputations, and relationships with their customers, vendors and employees.

56. Neither Defendants nor the State of California has offered compensation to Caymus in exchange for the regulatory taking of Caymus' property.

**FIRST CAUSE OF ACTION**
**(Violation of the Equal Protection Clause of the Fourteenth Amendment)**

57. Caymus incorporates by reference and re-alleges each and every allegation set forth in all preceding paragraphs as if fully set forth herein.

58. "When those who appear similarly situated are nevertheless treated differently, the Equal Protection Clause requires at least a rational reason for the difference, to ensure that all persons subject to legislation or regulation are indeed being 'treated alike, under like circumstances and conditions.'" *Engquist v. Ore. Dep't of Agric.*, 128 S. Ct. 2146, 2153 (2008).

59. Strict scrutiny under the Equal Protection Clause applies where the classification impinges on fundamental rights, including the right to due process. *San Antonio Indep. Sch. Dist. v. Rodriguez*, 93 S. Ct. 1278, 1288 (1973). As described more fully below, Defendants have also violated Caymus' due process rights under the Fourteenth Amendment, thus the application of strict scrutiny to the Governor's and State Public Health Officer's Orders is appropriate.

60. Here, Defendants' Orders, which distinguish between restaurants and wineries that offer "sit-down, dine-in meals," on the one hand, and those like Caymus that operate tasting rooms without food service, on the other hand, are unsupported by any rational reason. Indeed, refusing to permit Caymus to reopen while permitting businesses in the former class to do so likely *increases* the risk of transmission of the novel coronavirus.

61. In addition, Defendants' Orders cannot satisfy strict scrutiny because the classifications at issue are arbitrary, and are not narrowly tailored to further compelling government interests.

///

///

62. Accordingly, Caymus respectfully seeks a declaration that the Order prohibiting Caymus' winery tasting room from reopening violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

63. Caymus has no adequate remedy at law and will suffer serious and irreparable harm unless Defendants are enjoined from implementing and enforcing the Orders prohibiting Caymus' winery tasting room from reopening.

**SECOND CAUSE OF ACTION**
**(Violation of the Due Process Clause of the Fourteenth Amendment)**

64. Caymus incorporates by reference and re-alleges each and every allegation set forth in all preceding paragraphs as if fully set forth herein.

65. The Due Process Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." A State violates this guarantee by depriving one of property under a law "so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." *Johnson v. United States*, 135 S. Ct. 2551, 2556 (2015).

66. Here, Defendants' Orders distinguishing among the types of retail businesses, restaurants, and wineries that are permitted to reopen are so standardless as to invite arbitrary enforcement. There is no sound basis on which to discriminate among wineries that offer no food service, those that provide dine-in meals, and those that contract with vendors to do so. Any enforcement of the Orders that prohibit certain of these facilities from reopening, but permit others, is arbitrary, and constitutes a violation of Caymus' right to due process.

67. In addition, Defendants have violated the Due Process Clause insomuch as their Orders fail to provide any meaningful procedure for challenging the determination that a business' reopening should fall within Stage 2 or Stage 3 of the Governor's "resilience roadmap." *Logan v. Zimmerman Brush Co.*, 102 S. Ct. 1148, 1155 (1982).

68. Accordingly, Caymus respectfully seeks a declaration that the Order prohibiting Caymus' winery tasting room from reopening violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

69. Caymus has no adequate remedy at law and will suffer serious and irreparable harm unless Defendants are enjoined from implementing and enforcing the Orders prohibiting Caymus' winery tasting room from reopening.

### THIRD CAUSE OF ACTION
**(Violation of the Takings Clause of the Fifth Amendment)**

70. Caymus incorporates by reference and re-alleges each and every allegation set forth in all preceding paragraphs as if fully set forth herein.

71. The Takings Clause of the Fifth Amendment states that "nor shall private property be taken for public use, without just compensation."

72. The actions taken by Defendants have resulted in Caymus' being deprived of the economically beneficial and productive use of its property including, without limitation, its use licenses, business property, and opportunity to sell its wine in its retail tasting room, resulting in the involuntary closing of its business.

73. Defendants' Orders and the enforcement thereof has caused a regulatory taking of Plaintiffs' property without just compensation in violation of the Takings Clause of the Fifth Amendment to the United States Constitution. At a minimum, the effect of Defendants' Orders constitutes a "partial" taking under *Penn Cent. Transp. Co. v. City of New York*, 98 S. Ct. 2646, 2659 (1978). This violation of the Takings Clause has caused proximate and legal harm to Caymus.

74. Accordingly, Caymus respectfully seeks a declaration that the Order prohibiting Caymus' winery tasting room from reopening violates the Takings Clause of the Fifth Amendment to the United States Constitution and that Caymus is entitled to compensation for its economic loss as a result of the taking.

75. Caymus has no adequate remedy at law and will suffer serious and irreparable harm unless Defendants are enjoined from implementing and enforcing the Orders prohibiting Caymus' winery tasting room from reopening.

///

///

**FOURTH CAUSE OF ACTION**
**(Violation of the California Constitution Article I § 7)**

76. Caymus incorporates by reference and re-alleges each and every allegation set forth in all preceding paragraphs as if fully set forth herein.

77. Article 1, Section 7 of the California Constitution provides, in part: "A person may not be deprived of life, liberty, or property without due process of law or denied equal protection of the laws . . . ."

78. Prohibiting Caymus from reopening while allowing similarly-situated businesses to do so, and without recourse or protection from arbitrary enforcement of Defendants' Orders, unconstitutionally deprives Caymus of its property rights under the California Constitution.

79. Accordingly, Caymus respectfully seeks a declaration that the Order prohibiting Caymus' winery tasting room from reopening violates Article I, Section 7 of the California Constitution.

80. Caymus has no adequate remedy at law and will suffer serious and irreparable harm unless Defendants are enjoined from implementing and enforcing the Orders prohibiting Caymus' winery tasting room from reopening.

**FIFTH CAUSE OF ACTION**
**(Violation of the California Constitution Article 1 § 19)**

81. Caymus incorporates by reference and re-alleges each and every allegation set forth in all preceding paragraphs as if fully set forth herein.

82. Article 1, Section 19 of the California Constitution provides, in relevant part:

> Private property may be taken or damaged for a public use and only when just compensation, ascertained by a jury unless waived, has first been paid to, or into court for, the owner. The Legislature may provide for possession by the condemnor following commencement of eminent domain proceedings upon deposit in court and prompt release to the owner of money determined by the court to be the probable amount of just compensation.

83. The California Supreme Court has held that "While the police power is very broad in concept, it is not without restrictions in relation to the taking or damaging of property. When it passes beyond proper bounds in its invasion of property rights, it comes within the purview of the

law of eminent domain and its exercise requires compensation." *House v. Los Angeles Cty. Flood Control Dist.*, 25 Cal.2d 384, 385. (1944).

84. California courts have routinely held that the California Constitution requires just compensation to property owners when their property is taken for public use, because the law seeks to bar the government from forcing some people alone to bear public burdens which should be borne by the public as a whole. *Jefferson St. Ventures, LLC v. City of Indio*, 236 Cal. App. 4th 1175 (2015).

85. The principle underlying just compensation for property taken for public use is to put the owner in as good a position as he or she would have occupied if his or her property had not been taken. *City of Carlsbad v. Rudvalis*, 109 Cal. App. 4th 667 (2003).

86. The constitutional guarantee of just compensation for property taken by the government is not only intended to protect the property owner, but also to protect the public by limiting its liability to losses that can fairly be attributed to the taking. *Emeryville Redevelopment v. Harcros Pigments, Inc.*, 101 Cal. App. 4th 1083 (2002).

87. Caymus has a property interest in its winery and use licenses to operate a retail tasting room there. Prohibiting Caymus from reopening while allowing similarly-situated businesses to do so, and without recourse or protection from arbitrary enforcement of Defendants' Orders, constitutes a taking of Caymus' property under the California Constitution.

88. Accordingly, Caymus respectfully seeks a declaration that the Order prohibiting Caymus' winery tasting room from reopening violates Article I, Section 19 of the California Constitution and that Caymus is entitled to compensation for its economic loss as a result of the taking.

89. Caymus has no adequate remedy at law and will suffer serious and irreparable harm unless Defendants are enjoined from implementing and enforcing the Orders prohibiting Caymus' winery tasting room from reopening.

///

///

///

**PRAYER FOR RELIEF**

WHEREFORE, Caymus prays for relief and judgment as follows:

1. For a Declaration that Defendants' Orders excluding the tasting room and outdoor tasting areas of Caymus—and all similarly situated wineries in the state—from California's Stage 2 reopening constitutes a violation of Caymus' rights under the United States and California Constitutions to equal protection, due process, and constitutes an unlawful taking without just compensation;

2. For an order temporarily, preliminarily, and permanently enjoining and prohibiting Defendants from preventing the tasting room and outdoor tasting areas of Caymus—and all similarly situated wineries in the state—from reopening when Napa County officials have determined that the County meets the states' Stage 2 guidelines;

3. For a Declaration that Caymus is entitled to just compensation for the economic loss it has incurred as a result of Defendants' taking of Caymus' property;

4. For reasonable attorneys' fees and costs in the prosecution of this action pursuant to law, including 42 U.S.C. § 1988 and California Code of Civil Procedure § 1021.5; and

5. For such other and further relief as this Court may deem just and proper.

Dated: May 28, 2020                    COBLENTZ PATCH DUFFY & BASS LLP

By: _____
Thomas A. Harvey
Attorneys for Plaintiff
CAMYMUS VINEYARDS

16903.005 4831-2971-9229.14

16

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**